# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-13-79-M |
| ) | (CIV-16-715-M) |
| DAMIEN EARL LASTER, ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant Damien Earl Laster ("Laster"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 24, 2016. On October 17, 2016, plaintiff-respondent United States of America filed its response.

## I.      Introduction

On April 16, 2013, a grand jury returned an Indictment charging Laster with felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On May 10, 2013, the government filed a notice seeking the mandatory imposition of sentence under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), based upon defendant's convictions for the following three Oklahoma felonies: (1) possession of crack cocaine/marijuana with the intent to distribute, (2) assault with a dangerous weapon, and (3) aggravated assault and battery. On June 6, 2013, Laster pled guilty to the Indictment. On March 4, 2015, this Court sentenced Laster to 180 months of incarceration under the ACCA. Laster did not appeal the Court's judgment or sentence.

## II. Discussion

In his § 2255 motion, Laster asserts that in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal under the ACCA sentencing enhancement and that his sentence should be vacated. The ACCA provides:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection –
>     (A) the term "serious drug offense" means –
>         (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Expert Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>         (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>     (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>         (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>         (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that*

> *presents a serious potential risk of physical injury to another*; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C. § 924(e).[1]

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, the Supreme Court held that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* It also does not affect the ACCA's definition of a serious drug offense.

### A. Possession of crack cocaine/marijuana with the intent to distribute conviction

Laster was convicted of unlawful possession of crack cocaine with intent to distribute, in violation of Okla. Stat. tit. 63, § 2-401(B)(1), and convicted of unlawful possession of marijuana with intent to distribute, in violation of Okla. Stat. tit. 63, § 2-401(B)(2). The maximum term of imprisonment for a violation of § 2-401(B)(1) or § 2-401(B)(2) is life imprisonment. *See* Okla. Stat. tit. 63, § 2-401(B)(1),(2). Accordingly, the Court finds that Laster's conviction for possession of crack cocaine/marijuana with the intent to distribute qualifies as a serious drug offense under the ACCA and, therefore, qualifies as a predicate offense for purposes of the ACCA sentencing enhancement.

### B. Assault with a dangerous weapon conviction

Laster was convicted of assault with a dangerous weapon, in violation of Okla. Stat. tit. 21, § 645. Section 645 provides, in pertinent part:

---

[1]The italicized language has come to be known as the ACCA's residual clause.

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony
> . . . .

Okla. Stat. tit. 21, § 645.[2] The Tenth Circuit has held that a conviction for assault with a dangerous weapon under § 645 "is categorically a crime of violence under all circumstances." *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016) (internal quotations and citation omitted). The Court, therefore, finds that Laster's conviction for assault with a dangerous weapon qualifies as a violent felony under the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), and, therefore, qualifies as a predicate offense for purposes of the ACCA sentencing enhancement.

C. <u>Aggravated assault and battery conviction</u>

Laster was convicted of aggravated assault and battery, in violation of Okla. Stat. tit. 21, § 646. Section 646 provides:

> A. An assault and battery becomes aggravated when committed under any of the following circumstances:
> 1. When great bodily injury is inflicted upon the person assaulted; or
> 2. When committed by a person of robust health or strength upon one who is aged, decrepit, or incapacitated, as defined in Section 641 of this title.
> B. For purposes of this section "great bodily injury" means bone fracture, protracted and obvious disfigurement, protracted loss or impairment of the function of a body part, organ or mental faculty, or substantial risk of death.

Okla. Stat. tit. 21, § 646.[3] Having carefully reviewed the government's response, as well as the case law and statute at issue, the Court finds that a conviction under § 646(A)(1) qualifies as a

---

[2] The quoted language is based upon the version of § 645 in effect at the time of Laster's conviction.
[3] Laster was convicted under § 646(A)(1).

violent felony under the elements clause of the ACCA. Specifically, the Court finds that every felony conviction under this section requires both the actual and threatened use of force as the statute requires an assault and battery resulting in great bodily injury. Accordingly, the Court finds that Laster's conviction for aggravated assault and battery qualifies as a predicate offense for purposes of the ACCA sentencing enhancement.

D. Conclusion

As set forth above, the Court finds that Laster has three qualifying convictions and is an armed career criminal under the ACCA. The Court, thus, finds that Laster is not entitled to relief.

III. Evidentiary Hearing

As set forth above, Laster's motion does not set forth a basis for relief from his conviction or sentence. Because that determination is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Laster's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 5th day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE